IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMITHS MEDICAL ASD, INC., a Pennsylvania corporation.<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12-cv-00036-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Chief District Judge Ted Stewart referred this matter to the undersigned pursuant to 28 U.S.C. section 636(b)(1)(A). (*See* Docket Nos. 46, 56.) On October 4, 2012, this case and two related cases pending in this district (the "Bard Actions") were transferred to newly appointed District Judge Robert J. Shelby, affirming the referral of this matter to the undersigned.[1]

Before the Court is Defendant Smiths Medical ASD, Inc.'s ("Smiths") Motion to Stay Civil Action Pending *Inter Partes* Reexaminations.[2] (Docket No. 83.) The Court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the Court

---

[1] *C.R. Bard, Inc. v. AngioDynamics, Inc.*, Case No. 2:12-cv-00035-RJS-EJF, Docket No. 77; *C.R. Bard, Inc. v. Smiths Medical ASD, Inc.*, Case No. 2:12-cv-00036-RJS-EJF, Docket No. 82; *C.R. Bard, Inc. v. Medical Components, Inc.*, Case No. 2:12-cv-00032-RJS-EJF, Docket No. 77.

[2] AngioDynamics, Inc., the defendant in one of the related Bard Actions, filed a similar motion to stay on September 14, 2012, and a motion to suspend upcoming deadlines pending resolution of that motion on October 11, 2012. *See C.R. Bard, Inc. v. AngioDynamics, Inc.*, Case No. 2:12-cv-00035-RJS-EJF, Docket Nos. 65, 79.

concludes that oral argument is unnecessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR7-1(f).

For the reasons set forth below, Defendant's motion is **GRANTED IN PART**.  The Court **HEREBY STAYS** the Bard Actions for a period of forty-five (45) days from the date of this order to allow a decision from the United States Patent and Trademark Office ("USPTO") on the currently pending requests for *inter partes* reexamination of U.S. Patent No. 7,785,302 ("the '302 patent") and U.S. Patent No. 7,947,022 ("the '022 patent").  The parties may request an extension of this stay upon its expiration if necessary.

## DISCUSSION

On August 20, 2012, AngioDynamics, the defendant in one of the related cases, filed requests for *inter partes* reexamination of the '302 patent and the '022 patent.  The parties apparently expect a decision from the USPTO on these requests in mid-November.  The parties requesting stays in their respective actions[3] believe that doing so will result in increased efficiency for the parties and the Court.  Plaintiff C.R. Bard, Inc. ("Bard") agrees that staying the actions may result in greater efficiency, but only if the Court stays all of the Bard Actions.  (Def.'s Supp. Mem., Case No. 2:12-cv-00035, Docket No. 80, Ex. 2.)

A district court may properly stay proceedings in patent cases pending reexamination of a patent by the USPTO.  *Buttercup Legacy LLC v. Michilin Prosperity Co., Ltd.*, No. 2:11-CV-262 TS, 2012 WL 1493947, at *1 (D. Utah Apr. 27, 2012) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).  Moreover, "[c]ourts have inherent power to manage their

---

[3] Medical Components, Inc. ("MedComp"), the defendant in the other related case, *C.R. Bard, Inc. v. Medical Components, Inc.*, Case No. 2:12-cv-00032-RJS-EJF, has not moved for a stay.  Instead, MedComp proposed extending the claim construction related dates for a period of 30-45 days to allow the Court to consider pending motions related to these stay requests.  (*See* Def.'s Supp. Mem., Case No. 2:12-cv-00035, Docket No. 80, Ex. 3.)

dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In deciding whether to stay a litigation pending reexamination by the USPTO, courts consider a number of factors, including: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Buttercup*, 2012 WL 1493947, at *1 (citation omitted).

The USPTO's final decision on reexamination may simplify the issues in these cases. In addition, the parties have not completed discovery in these actions and the Court has not set a date for trial. Finally, the stay will not unduly prejudice the non-moving party as evidenced by the agreement of the parties to a short delay.

Accordingly, based upon the agreements indicated between the parties and the Court's inherent authority, the Court orders the Bard Actions stayed in anticipation of decisions from the USPTO.

## CONCLUSION & ORDER

For the reasons set forth above, Defendant's motion (Docket No. 83) is **GRANTED IN PART**. The Court **HEREBY STAYS** this case for a period of forty-five (45) days from the date of this order. The parties may request an extension of the stay upon its expiration if necessary. The Court will enter separate orders in each action.

**IT IS FURTHER ORDERED THAT:**

    1)    the parties submit a proposed scheduling order to apply in all three Bard Actions within seven (7) days of the expiration of this stay; and

2)      the Hearing on Reconsideration of Consolidation for Purposes of Claim Construction set for November 2, 2012, at 10:00 a.m. is **HEREBY VACATED.**

SO ORDERED this 12th day of October, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge