IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>SMITHS MEDICAL ASD, INC., a Delaware corporation,<br><br>   Defendant. | **ORDER DENYING MOTION TO SUBSTITUTE PARTY AND ORDERING JOINDER OF PARTIES**<br><br>Case No. 2:12-cv-36-RJS<br><br>Judge Robert J. Shelby |

Plaintiff C.R. Bard filed a Motion to Substitute a Party,[1] asking the Court to substitute C.R. Bard with Bard Peripheral Vascular (BPV) as the named plaintiff.  C.R. Bard assigned the patents at issue in this case to BPV and argues that, as a result, it lacks standing to remain as a plaintiff.  Defendant Smiths Medical ASD, Inc. (Smiths) argues that substitution of C.R. Bard would prejudice Smiths during discovery.[2]

Under Rule 25(c), if a party transfers its interest, "the action may be continued by or against the original party" unless the court orders substitution or joinder of the transferee.[3]  The decision to allow joinder or substitution is within "sound discretion of the trial court."[4]

C.R. Bard's transfer of its interest in the patents does not deprive it of standing.[5]  Rather, Rule 25(c) specifically provides that parties may still remain named in a suit after a transfer of interest.

---

[1] Dkt. 122.

[2] Smiths also argues C.R. Bard's Motion is procedurally defective.  Because the court determines that substitution is not warranted, it need not decide the procedural issue.

[3] Fed. R. Civ. P. 25(c).

[4] *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978).

Smiths argues that C.R. Bard has substantial amounts of evidence relevant to the claims and defenses in this case and that resorting to third-party discovery procedures would complicate discovery and efforts to obtain relief.

The court concludes that substitution is not appropriate at this point but that joinder is appropriate through discovery. The court thus ORDERS joinder of C.R. Bard and BPV. The Motion to Substitute a Party[6] is DENIED without prejudice to refile after the close of fact discovery.

**SO ORDERED** this 7th day of February, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[5] *See* 7C Fed. Prac. & Proc. Civ. § 1958, Transfer of Interest in Action (3d ed.) ("The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named.").

[6] Dkt. 122.